KATHLEEN E. WELLS, CSB # 107051
Attorney at Law
3393 Maplethorpe Lane
Soquel, California 95073
Telephone: (831) 475-1243
Email: lioness@got.net

Attorney for  Plaintiff  DARIN MATTHEWS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION – ECF PROGRAM

| | |
|---|---|
| DARIN MATTHEWS,<br><br> Plaintiff,<br><br> v.<br><br> COUNTY OF SANTA CRUZ; STEVEN CARNEY; CITY OF SCOTTS VALLEY; SCOTTS VALLEY POLICE OFFICERS WAYNE BELVILLE (BADGE #5430); MICHAEL BIRLEY (BADGE # 5890) ; MICHAEL NERONDE (BADGE # 5281); PAUL LOPEZ (BADGE # 5140); TWENTY UNKNOWN DEPUTIES AGENTS/EMPLOYEES OF THE COUNTY OF SANTA CRUZ AND TWENTY UNKNOWN OFFICERS/AGENTS/EMPLOYEES OF THE CITY OF SCOTTS VALLEY, | Case No. 5:20-cv-01619-EJD<br><br> FIRST AMENDED COMPLAINT FOR DAMAGES  FOR VIOLATION OF FEDERAL AND STATE CONSTITUTIONAL RIGHTS; FALSE ARREST; UNLAWFUL SEARCH; ASSAULT & BATTERY; INTENTIONAL & NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; VIOLATIONS OF BANE ACT<br><br> JURY TRIAL DEMANDED |

Defendants.

## JURISDICTION AND VENUE

1. This is an action for damages pursuant to 42 U.S.C. § 1983 based upon the defendants' violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

2. Venue is proper in the Northern District in that the events and conduct complained of herein all occurred in the City of Scotts Valley, County of Santa Cruz.

## PARTIES

3. Plaintiff DARIN MATTHEWS ("MATTHEWS" or "Plaintiff") is, and was at all relevant times, a resident of the County of Santa Cruz.

4. Defendant COUNTY OF SANTA CRUZ ("COUNTY") is a county, duly organized and existing under the laws of the State of California. Defendant COUNTY operates and is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies

including deputy STEVEN CARNEY ("CARNEY") and the other unknown individuals, deputies/agents/employees of COUNTY who are named defendants herein. CARNEY and the other unknown COUNTY defendants are sued in both their individual and their official capacities for the acts taken against plaintiff under color of state law.

5. Defendant CITY OF SCOTTS VALLEY ("CITY") is a political subdivision of, and duly organized and existing under the laws of the State of California. Defendant CITY operates and is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies including the Scotts Valley Police Department ("Police Department") and their agents and employees. Officers WAYNE BELVILLE ("BELVILLE); MICHAEL BIRLEY ("BIRLEY"), MICHAEL NERONDE ("NERONDE") and PAUL LOPEZ ("LOPEZ") (hereinafter collectively referred to as "OFFICERS") are members of the CITY police department and are named defendants herein in both their official and individual capacities for their actions against plaintiffs executed under color of state law. OFFICERS and employees of the CITY have engaged in the acts complained of herein pursuant to the policies, practices and customs of the CITY.

6. Plaintiff is ignorant of the true names and capacities of Defendants designated as 20 unknown COUNTY and 20 unknown CITY employees and agent and, therefore, name these defendants by such designation. Plaintiffs are informed and believe and thereon allege that each "Unknown Defendant" so named was employed by Defendants COUNTY or CITY at the time of the conduct alleged herein. Plaintiff alleges that the 40 unknown Defendants, and each of them, in performing the acts alleged herein, were acting as agents of the COUNTY or CITY employed by the COUNTY or CITY; and/or were acting individually, outside the course and scope of their employment; and, in performing all of the acts alleged herein, these unknown defendants acted under color of state

law and the statutes, ordinances, regulations, customs and usages of the COUNTY or CITY,  and pursuant to the official policy, custom and practice of the COUNTY or CITY.  These defendants are charged with enforcing state and local laws and additionally charged with knowledge and protection of citizens' constitutional rights while enforcing such laws.   Plaintiff is informed and believes and thereon alleges that each "Unknown Defendant" so named violated plaintiff's federal and state constitutional rights through his or her own individual actions.  Plaintiff will amend his complaint to state the names and capacities of the 40 unknown COUNTY and CITY employees and/or agents when their identities are revealed by the plaintiff through the discovery process.

## ALLEGATIONS COMMON TO ALL CLAIMS

7.  On February 19, 2019,  plaintiff's vehicle was stopped at approximately 6:30 a.m. as he left for his work as an administrator at the University of California, Santa Cruz.  Plaintiff was stopped by a marked CITY police vehicle, which plaintiff has learned and believes had been parked waiting near his home. The OFFICERS pulled behind him with their lights on, and plaintiff pulled into the first safe place to stop which was the Union 76 gas station on Mt. Herman Road .  Said gas station is approximately ½ mile from plaintiff's home.

8.  The  OFFICERS informed plaintiff that he was being stopped because of the paper license plates on his vehicle.  Plaintiff explained to the OFFICERS that he had recently purchased the vehicle from a dealership in Oregon and offered to show them the paperwork.  They did not look at or check plaintiff's paperwork. Insofar as Plaintiff is aware**,** there was nothing illegal about the vehicle, either in its condition, its documentation, or in the manner of its operation, that would have provided either probable cause or rational suspicion to an officer justifying a compulsory stop   The OFFICERS' explanation for the stop was just a pretext to allow

them to violate plaintiff's constitutional rights by detaining him without probable cause or reasonable suspicion. Defendants' vehicle stop was invalid.  Plaintiff does not know the identity of which one(s) of the OFFICERS performed the allegedly unlawful acts referred to in this paragraph.  Plaintiff will amend the complaint to name the individual OFFICERS and each of their allegedly unlawful action(s) after their identities are revealed pursuant to discovery.

9.    The OFFICERS told plaintiff to exit his vehicle and informed plaintiff that they were going to search him.  When he asked what was the real reason for the stop, the OFFICERS failed and refused to give plaintiff any further explanation. The OFFICERS asked plaintiff for his driver's license and plaintiff provided them with his current and valid California Driver's license.  The OFFICERS did not ask for proof of registration or ownership.  Plaintiff does not know the identity of which one(s) of the OFFICERS performed the allegedly unlawful individual acts referred to in this paragraph.  Plaintiff will amend the complaint to identify the OFFICERS after their identities are revealed pursuant to discovery.

10.  One of the OFFICERS held plaintiff's hands behind his back while another OFFICER pat searched him.  Plaintiff then noticed  that there were more marked police cars, including a green COUNTY Sheriff 's car parked behind his vehicle.  Plaintiff does not know identities of which one(s) of the OFFICERS who performed the acts referred to in this paragraph.  Plaintiff will amend the complaint to identify the OFFICERS after they are revealed pursuant to discovery.

11.  Plaintiff was approached by CARNEY who ordered plaintiff to sit on  the  bumper of one of the police  vehicles. The defendant OFFICERS proceeded to search plaintiff's vehicle without plaintiff's permission.  They also searched his backpack that was on the front seat and opened and searched through the trunk as well.   They found nothing unlawful in plaintiff's vehicle.   At no time was plaintiff asked for permission, nor did he give permission, to search his vehicle or his

backpack. Plaintiff does not know identities of which one(s) of the OFFICERS who performed the allegedly unlawful acts referred to in this paragraph.  Plaintiff will amend the complaint to identify the OFFICERS and their individual acts after they are revealed pursuant to discovery.

12. CARNEY then informed plaintiff that they had a search warrant to search his home.  Additionally, CARNEY inquired of plaintiff if there was a reason why the Las Vegas police would know his name.  Plaintiff explained that he owned a home in Las Vegas and traveled there frequently.  Plaintiff told CARNEY that he had never received so much as a parking ticket in Las Vegas. Plaintiff is informed and believes and alleges thereon that the warrant was invalid and that the OFFICERS knew or should have known that the warrant was invalid.

13. The OFFICERS then placed plaintiff in the back seat of one of the CITY Police vehicles and drove him to the front of his home. Plaintiff provided the OFFICERS with the key to his home pursuant to their demand and despite the fact that they assured plaintiff that the search would be discreet, instead they made a great show for plaintiff's neighbors with two OFFICERS and/or DOE defendants stationed at the back of plaintiff's condo while another 3 or 4 OFFICERS and/or DOE defendants entered his home through the front door. Plaintiff remained in the back seat of the one of the OFFICER's vehicles. Many of plaintiff's neighbors were leaving for school and work during this time and saw the commotion, the police vehicles parked in front of his condo and plaintiff sitting in the back of the patrol car.   Plaintiff does not know identities of which one(s) of the OFFICERS and which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this paragraph. Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

14. After a period of time, the OFFICERS and/or DOE defendants removed plaintiff from the car and escorted him into his home where they joined CARNEY and 2 other unknown DOE defendants whom he had not seen previously. Plaintiff inquired of CARNEY why the search warrant was issued and his home searched. CARNEY gave plaintiff a vague explanation stating that there had been a lot of "coming and going" at plaintiff's home. CARNEY also stated, falsely, that plaintiff's name had been mentioned in conjunction with a marijuana arrest in Las Vegas. Plaintiff reiterated that while he owned a home there, he had never had any contact with Las Vegas law enforcement or any other law enforcement agency. Plaintiff does not know identities of which ones of the OFFICERS and/or which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this paragraph. Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

15. CARNEY told plaintiff he was free to leave and one of the OFFICERs gave him a ride back to his car.

16. Plaintiff filed a tort claim against CITY and CITY OFFICERS on August 7, 2019, which was denied by letter dated September 5, 2019.

17. Plaintiff filed a tort claim against COUNTY and CARNEY on August 12, 2019, which was denied by letter dated September 25, 2019.

## FIRST CLAIM FOR RELIEF

### Right to Be Secure From Unreasonable Search and Seizures

### 42 U.S.C. §1983 - Fourth Amendment

### (Against all defendants except the City of Scotts Valley)

18. Plaintiff hereby incorporates Paragraphs 1-17 of this Complaint

as if fully set forth herein.

19. 42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress .

20. Plaintiff in this action is a citizen of the United States and all of these individual Defendants named in  this claim are proper defendants for purposes of 42 U.S.C. § 1983. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as DEPUTY and  OFFICERS and their acts or omissions were conducted within the scope of their official duties or employment. Plaintiff does not know identities of which ones of the OFFICERS and which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this complaint.  Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

21. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from unlawful seizure of his person and from unlawful search of his person, his automobile, the effects within his automobile, and his home.

22. Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as these rights were clearly established at that time.

23. Defendants CARNEY's and the other individual OFFICERS' actions, as described herein, were objectively unreasonable under the law as

established at the time in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff. Plaintiff does not know identities of which ones of the OFFICERS and which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this complaint. Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

24. Defendant CARNEY and the other defendant OFFICERS' actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to plaintiff's federally protected rights. Defendants' unlawful actions shock the conscience and violated these Fourth Amendment rights of Plaintiff. Plaintiff does not know the identities of which ones of the OFFICERS and which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this paragraph. Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

25. These individual defendant OFFICERS and DOE defendants unlawfully seized plaintiff's person by means of threat of physical force, thereby unreasonably depriving plaintiff of his freedom. Plaintiff does not know identities of which ones of the OFFICERS and which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this paragraph. Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

26. These individual defendant OFFICERS and DOE defendants unlawfully searched plaintiff's person, his vehicle and his home by means of threats based on false and defamatory information. These false and defamatory allegations, known to be false when set forth in the affidavit, were allegedly written by CARNEY and provided to a Superior Court Judge for the purpose of securing a search warrant

for plaintiff's home under false pretenses. Plaintiff does not know identities of which ones of the OFFICERS and which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this paragraph. Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

27. None of the Defendant OFFICERS or DOE defendants took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking unlawful acts of other Defendant OFFICERS and/or DOE  defendants.  They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking actions of each other officer. Plaintiff does not know identities of which ones of the OFFICERS and which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this paragraph.  Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

28. Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federal and state protected constitutional rights.

29. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

30. The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries.

31. These individual Defendants acted in concert and joint action with each other.

32. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

33. These individual Defendants are not entitled to qualified immunity

for the complained of conduct.

34. The Defendants to this claim at all times relevant hereto were acting pursuant to COUNTY and CITY custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

35. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages and may continue to incur further medical and other special damages related expenses, in amounts to be established at trial.

36. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained injuries in amounts to be ascertained at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

37. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## SECOND CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth Amendment**

**(*Monell*)**

**(Against defendants COUNTY and CITY)**

38. Plaintiff hereby incorporates paragraphs 1-37 of this Complaint as if fully set forth herein.

39. The individual Defendants to this claim at all times relevant hereto were acting under the color of state law and according to COUNTY and CITY policy.

40. Plaintiff had the following clearly established rights at the time of the complained of conduct:

a. the right to be free from seizure of his person in violation of the Fourth Amendment;

b. the right to free from unlawful search of his person, of his vehicle, the effects within his vehicle and of his home in violation of the Fourth Amendment.

41. Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

42. The acts or omissions of these Defendants, as described herein, deprived plaintiff of his constitutional and statutory rights and caused him other damages.

43. Defendants are not entitled to qualified immunity for the complained of conduct.

44. Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

45. Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

46. The deliberately indifferent training and supervision provided by

Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available and were the moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

47. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

48. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained extent of his injuries, in amounts to be ascertained at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

49. Plaintiff is not able to produce the data to back up the allegations in this Monell Cause of Action until he has the opportunity to conduct discovery; plaintiff will amend the complaint to add the data after he has received the relevant information pursuant to discovery.

**THIRD CLAIM FOR RELIEF**

**False Arrest and Unlawful Search under Art. 1, §13**

**of the California Constitution**

**Violation of the Bane Act Civil Code 52.1 et seq.**

**(Against all Defendants)**

50. Plaintiff hereby incorporates paragraphs 1-49 of this Complaint as if fully set forth herein.

51.  Defendants violated plaintiff's right to be free from unlawful arrest/seizure of his person and unlawful search of his person, his vehicle, the effects in his vehicle, and his home as described in detail herein above

52. None of the Defendant OFFICERs or DOE defendants took reasonable steps to protect   Plaintiff from the objectively unreasonable and conscience shocking unlawful acts of other Defendant officers.  They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking actions of each other officer. Plaintiff does not know identities of which ones of the OFFICERS and which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this complaint.  Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

53. Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federal and state protected constitutional rights.

54. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

55. The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries.

56. These individual Defendants acted in concert and joint action with each other.

57. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

58. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

59. The Defendants to this claim at all times relevant hereto were acting

pursuant to COUNTY and CITY custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

60.   Damages for violation of the California Constitution are available through the Bane  Act California Civil Code Section 52.1 et seq.  Defendants violated plaintiff's State and Federally protected constitutional rights (as described herein above) by use of threat and coercion in violation of the Bane Act.   Plaintiff does not know identities of which ones of the OFFICERS and which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this complaint.  Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

61.  As a direct and proximate result of Defendants' violation of the Bane Act, plaintiff was injured and is entitled to all of the damages available under the Act, including treble damages.

62. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages and may continue to incur further medical and other special damages related expenses, in amounts to be established at trial.

63. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained injuries in amounts to be ascertained at trial. Plaintiff is further entitled to attorneys' fees and costs.  There may also be special damages for lien interests.

64. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants in that the actions of each of these individual Defendants have

been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## FOURTH CLAIM FOR RELIEF

### Assault and Battery

### (All Defendants)

65. Plaintiff hereby incorporates paragraphs 1-64 of this Complaint as if fully set forth herein.

66. Defendant OFFICERS and DOE defendants intended to and did cause a harmful contact with plaintiff's person as described in detail herein above. Plaintiff did not consent to defendants' actions nor was there any privilege excusing defendants from their actions. Plaintiff does not know identities of which ones of the OFFICERS and which ones of the officers identified as DOE defendants who performed the allegedly unlawful individual acts referred to in this paragraph. Plaintiff will amend the complaint to identify the OFFICERS and DOE defendants after they are revealed pursuant to discovery.

67. As a direct and proximate result of defendants' actions, plaintiff sustained injuries and damages as set forth above. Further, plaintiff claims all damages and penalties allowed by law.

68. Defendants' acts was committed knowingly, willfully, and with malicious intent and plaintiff is entitled to punitive damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### Intentional/Negligent Infliction of Emotional Distress

### (Against all Defendants)

69. Plaintiff realleges and incorporates herein by reference the allegations

set forth in paragraphs 1-68 above.

70. Defendants owed a duty to plaintiff to not cause him harm and defendants breached that duty in committing the unlawful actions against plaintiff as described herein above.

71. Additionally, defendants intended to and did cause emotional distress to the plaintiff and their conduct was malicious and committed for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

72. As a proximate result of Defendants' actions and the consequences caused by his actions, plaintiff has suffered severe humiliation, mental anguish and emotional and physical distress and has been injured in mind and body all to plaintiff's damage in amounts according to proof at trial.

73. Defendants' conduct was malicious and carried out in willful and conscious disregard of the truth, the professional reputation and the rights of plaintiff and justifies an award of punitive damages.

## DEMAND FOR JURY TRIAL

74. Plaintiff hereby demands a trial by jury on all claims for relief.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages against the individual defendants in a sum according to proof;

4.  For leave to amend or supplement the Complaint as the identities of the unknown defendants are discovered and new evidence is uncovered.

5.  For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

6.  For all damages available under the Bane Act including treble damages;

7.  For cost of suit herein incurred; and

8.  For such other and further relief as the Court deems just and proper.


Dated:  April 22, 2021          __/s/  Kathleen E. Wells_____
                                KATHLEEN E. WELLS, Attorney for Plaintiff