UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARIN MATTHEWS,<br><br>   Plaintiff,<br><br> v.<br><br>COUNTY OF SANTA CRUZ; STEVEN CARNEY; CITY OF SCOTTS VALLEY; SCOTTS VALLEY POLICE OFFICERS WAYNE BELVILLE (BADGE #5430); MICHAEL BIRLEY (BADGE # 5890); MICHAEL NERONDE (BADGE # 5281); PAUL LOPEZ (BADGE # 5140); TWENTY UNKNOWN DEPUTIES AGENTS/EMPLOYEES OF THE COUNTY OF SANTA CRUZ AND TWENTY UNKNOWN OFFICERS/AGENTS/EMPLOYEES OF THE CITY OF SCOTTS VALLEY,<br><br>   Defendants. | Case No. 5:20-cv-01619-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 52 |

  Plaintiff Darin Matthews ("Matthews") brings this action against the following Defendants: the County of Santa Cruz ("the County"); Steven Carney; the City of Scotts Valley ("the City"); Scotts Valley Police Officers Wayne Belville (Badge #5430), Michael Birley (Badge #5890), Michael Neronde (Badge #5281), and Paul Lopez (Badge #5140) (collectively "the Officers"); as well as twenty unknown deputies, agents, or employees of the County and twenty unknown officers, agents, or employees of the City. Matthews asserts five claims against the City and Officers (collectively "the City Defendants") related to a stop resulting in allegedly unlawful searches of his person, his vehicle, and his home. Before the Court is the City Defendants' motion to dismiss Matthews' first amended complaint ("FAC") under Federal Rule of Civil Procedure

Case No.: 5:20-cv-01619-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1

12(b)(6). Defs.' Mot. to Dismiss Pl.'s First Am. Compl. ("MTD"), Dkt. No. 52. For the reasons stated below, the Court GRANTS in part and DENIES in part the motion to dismiss.

### I.     BACKGROUND[1]

Matthews is a resident of the County and works as an administrator at the University of California, Santa Cruz. FAC, Dkt. 45 ¶¶ 3, 7. The County is organized and exists as a county under the laws of the State of California. *Id.* ¶ 4. Deputy Steven Carney is employed by the County. *Id.* ¶ 4, 6.

The City is a political subdivision of the State of California and is organized and operates under the State's laws. *Id.* ¶ 5. The City operates the Scotts Valley Police Department ("SVPD"). *Id*. The Officers are all members of the SVPD. *Id*. The City also employs twenty other defendants whose identities and positions are unknown to Matthews. *Id.* ¶ 6.

On February 19, 2019, at approximately 6:30 a.m., Matthews' vehicle was stopped by a marked SVPD vehicle as he left for work. *Id*. ¶ 7. The SVPD vehicle was waiting for him near his home when it turned on its lights and pulled him over. *Id*. The Officers told Matthews that he was stopped because he had paper license plates on his vehicle. *Id*. Matthews informed the Officers that he had recently purchased the vehicle from an Oregon dealership and offered to show them the relevant paperwork, but the Officers declined to inspect it. *Id.* ¶ 8. Matthews is unaware of any unlawful aspect of the vehicle or its operation that would have prompted the stop. *Id*. He alleges that the Officers' justification for the stop was "just a pretext" to detain him without probable cause or reasonable suspicion. *Id.*

The Officers ordered Matthews to exit the vehicle and told him that they were going to search him. *Id.* ¶ 9. When Matthews asked the Officers to explain why he had been stopped, they "failed and refused" to elaborate. *Id.* The Officers asked Matthews for his California Driver's License, which he provided. *Id.* He was not asked for proof of registration or ownership of the vehicle. *Id*.

---

[1] The Background is a summary of the allegations in the FAC.
Case No.: 5:20-cv-01619-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
2

One Officer held Matthews' hands behind his back while another Officer "pat searched" him. *Id*. ¶ 10. At this time, Matthews noticed several other marked police vehicles nearby, including a County Sheriff vehicle. *Id.* Deputy Carney approached and ordered Matthews to sit on the bumper of one of the police vehicles while the Officers searched his vehicle, including the trunk, and Matthews' backpack found within the vehicle. *Id*. ¶ 11. Matthews alleges that he was never asked for his permission to search his vehicle and backpack and that he never gave permission for such searches. *Id*. Nothing unlawful was found. *Id.*

Deputy Carney told Matthews that they had a search warrant for his home and asked why the Las Vegas Police Department would know his name. *Id*. ¶ 12. Matthews informed Deputy Carney that he owned a home in Las Vegas and traveled there frequently but had "never received so much as a parking ticket in Las Vegas." *Id*. ¶ 12. Matthews alleges that Deputy Carney provided "false and defamatory statements" that were "known to be false when set forth in the affidavit" to a Superior Court Judge for the purpose of securing a search warrant for his home "under false pretenses." *Id.* ¶ 26. He further alleges that the warrant was invalid and that the Officers "knew or should have known that the warrant was invalid." *Id*. ¶ 12.

The Officers placed Matthews in the backseat of one of the SVPD vehicles and drove him to his home. *Id.* ¶ 13. Next, the Officers, as well as other defendants unknown to Matthews, searched his home. *Id*. Deputy Carney eventually told Matthews that he was free to leave, and an Officer drove him back to his car. *Id.* ¶ 15.

Matthews' original complaint was dismissed in its entirety with leave to amend. *Matthews v. Cty. of Santa Cruz*, No. 5:20-CV-01619-EJD, 2021 WL 949419 (N.D. Cal. Mar. 12, 2021). The FAC lists five claims: (1) unreasonable search and seizure in violation of 42 U.S.C. § 1983 against all defendants except the City; (2) municipal liability against the County and City; (3) false arrest and unlawful search under Art. 1, §13 of the California Constitution and violation of the Bane Act against all defendants; (4) assault and battery against all defendants; and (5) intentional

and negligent infliction of emotional distress against all defendants.[2]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  When deciding whether to grant a motion to dismiss, the Court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

## III.  DISCUSSION

### A.  42 U.S.C. § 1983

Matthews brings a claim under 42 U.S.C. § 1983 against all defendants, except the City.  FAC ¶¶ 18-37.  He alleges violations of his Fourth Amendment right to be free from "unlawful seizure of his person and unlawful search of person, his automobile, the effects within his automobile, and his home."  FAC ¶ 21.  Matthews does not object to the Court granting the instant motion "with respect to the manner in which the home of Plaintiff was searched."  Pl.'s Opp'n at 14.  Accordingly, the Court considers below only whether Matthews has stated a cognizable §1983 claim based on what occurred during the vehicle stop.

---

[2] The County and Steven Carney filed an answer on May 7, 2021.  Dkt. No. 47.

Case No.: 5:20-cv-01619-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
4

### 1. Group liability

As an initial matter, Defendants contend that Matthews is impermissibly attempting to impose group liability on the four Officers. *Id.* at 7. Defendants cite numerous cases for the proposition that "vicarious liability is inapplicable in Section 1983 actions." *Id*. (citing *Iqbal*, 556 U.S. at 676; *Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988)). The cases cited by Defendants generally stand for the proposition that a "defendant cannot be held liable under Section 1983 based on a 'team effort' theory, which 'lump[s] all the defendants together, rather than requir[ing] [plaintiff] to base each individual's liability on his own conduct." *Purnell v. City of Sunnyvale Police Dept.*, No. 5:18-CV-02113-EJD, at *5 (N.D. Cal. July 8, 2020) (quoting *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009)).

None of the cases Defendants rely on, except *Iqbal*, was decided at the pleading stage. *See Hopkins*, 573 F.3d at 762 (appealing denial of summary judgment on qualified immunity and other grounds); *Jones,* 297 F.3d at 936 (appealing jury verdict after proposed jury instructions on group liability of officers were rejected); *Leer*, 844 F.2d at 631 (appealing granting of summary judgment after "substantial discovery"); *see also Chuman v. Wright*, 76 F.3d 292 (9th Cir. 1996) (reversing and remanding for a new trial because of erroneous jury instruction that "when the deprivation of the rights is the result of a 'team effort,' all members of the 'team' may be held liable"). As such, they provide little guidance for assessing the sufficiency of the FAC.

The Court is guided instead by cases assessing the legal sufficiency of complaints against unknown or "Doe" defendants. Such complaints cannot be dismissed simply because the identity of the defendant is unknown. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[T]he district court erred in dismissing Wakefield's complaint against Doe simply because Wakefield was not aware of Doe's identity at the time he filed his complaint."). In *Wakefield*, the Ninth Circuit instructed that "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the

Case No.: 5:20-cv-01619-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
5

1  complaint would be dismissed on other grounds." *Wakefield*, 177 F.3d at 1163 (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, Matthews is effectively in the position of a plaintiff filing suit against unknown defendants with regard to his claim against the four Officers. *See, e.g.,* FAC ¶ 20. He is unsure which of the four Officers undertook which actions. As in *Wakefield*, it would be error to dismiss the §1983 claim against the Officers simply because he is unsure of each Officer's individual role in the events at issue. Moreover, the FAC clearly alleges that all four of the Officers were present for the duration of the vehicle stop, which makes it entirely plausible that they are liable for the alleged violations. To be sure, being a "mere bystander" is insufficient to support § 1983 liability. *Hopkins*, 573 F.3d at 770. In this case, however, the allegations, when construed in the light most favorable to Matthews, suggest that each of the Officers were more than bystanders and instead were "integral" to the alleged violations. *See Chuman*, 76 F.3d at 294 (citing *James ex rel. James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (holding that the backup officers were improperly dismissed because they stood armed at the door of the building while search was ongoing, and thus were not mere bystanders but instead "integral to the search")). One of the Officers told Matthews the reason for the stop was his paper licence plates. One of the Officers told him to exit his car. One officer placed Matthews' hands behind his back while another Officer pat searched him. It is reasonable to infer that each of these concerted actions were "integral" to the alleged constitutional violations.

### 2.     Vehicle Stop

The more substantive question is whether the FAC alleges sufficient facts to state a cognizable §1983 claim. Title 42 U.S.C. § 1983 provides a private cause of action to redress the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under § 1983, "a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Case No.: 5:20-cv-01619-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
6

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. As the Supreme Court has made clear:

> Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances.

*Whren v. United States*, 517 U.S. 806, 809–10 (1996) (citations omitted).

When performing an investigatory stop of a vehicle, an officer must have at least reasonable suspicion that criminal activity is taking place. *See Navarette v. California*, 572 U.S. 393, 401-402 (2014) (approving reasonable suspicion of drunk driving as proper for an investigatory stop); *see also U.S. v. Arvizu*, 534 U.S. 266, 273 (2002) ("brief investigatory stops of persons or vehicles" satisfy the Fourth Amendment if "the officer's action is supported by reasonable suspicion to believe that criminal activity 'may be afoot'") (citations omitted). Reasonable suspicion requires "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *Navarette*, 572 U.S. at 401 (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)).

Here, Matthews alleges that "there was nothing illegal about the vehicle, either in its condition, its documentation, or in the manner of its operation" that would have justified a stop. FAC ¶ 8. According to the FAC, the Officers' only stated explanation for the stop was Matthews' paper license plates, which Matthews alleges was a pretext. These facts are sufficient to state a cognizable § 1983 claim based upon an unlawful vehicle stop. *See e.g.*, *Liberal v. Estrada*, 632 F.3d 1064, 1077 (9th Cir. 2011) (holding that officer violated plaintiff's constitutional right to be free from unreasonable seizures by initiating a traffic stop without having a reasonable suspicion that plaintiff was engaged in illegal activity.).

### 3. Searches

Pat down searches, or "frisks," as they are sometimes called, are governed by *Terry v. Ohio*, 392 U.S. 1 (1968) and its progeny. *Terry* permits a "reasonable search for weapons" if the

Case No.: 5:20-cv-01619-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

7

1  investigatory stop is lawful and the officer has reason to believe that he is dealing with an armed

2  and dangerous individual.  *Arizona v. Johnson*, 555 U.S. 323, 129 S.Ct. 781, 784, 172 L.Ed.2d 694

3  (2009) (discussing *Terry*).  As discussed above, Matthews alleges that the vehicle stop was

4  unlawful.  Further, driving with a temporary license plate, without more, does not support a

5  reasonable belief that the Officers were dealing with an armed and dangerous individual.  Thus,

6  Matthews' allegations are sufficient to allege an unlawful frisk.  *See Liberal*, 632 F.3d at 1079

7  (holding that traffic stop was unlawful because it did not rest on a reasonable suspicion that a

8  violation of law had occurred)

9        Matthews further alleges that he did not consent to a search of his vehicle and backpack.

10 This allegation also supports a claim for a constitutional violation.  *See id.* at 1082 (holding that

11 search of vehicle during traffic stop conducted without consent was unconstitutional).

12       In sum, the Court finds that Matthews has alleged a cognizable § 1983 claim based on the

13 vehicle stop and searches of his person, vehicle and backpack.

### 4. Unreasonable Force and Failure to Protect

15       The City Defendants also challenge the sufficiency of the §1983 claim to the extent it may

16 be based on an unreasonable force theory and allegations that Defendants failed to take

17 "reasonable steps to protect" Matthews.  MTD at 9.  Matthews does not address the City

18 Defendants' challenges.  By failing to do so, Matthews has conceded the arguments.  *See, e.g.*,

19 *Mortg. Elec. Registration Sys., Inc. v. Koeppel*, 2020 WL 1233925, at *3 (N.D. Cal. Mar. 13,

20 2020) ("'[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain

21 arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to

22 address as conceded.'" (alteration in original) (quoting *Hopkins v. Women's Div., Gen. Bd. of

23 Glob. Ministries*, 238 F. Supp. 2d. 174, 178 (D.D.C. 2002))); *Conservation Force v. Salazar*, 677

24 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in

25 opposition, the claim is deemed waived."); *Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693,

26 701 (N.D. Cal. 2020) ("Plaintiff concedes these arguments by failing to address them in her

27 opposition." (collecting cases)).  Accordingly, Matthews is barred from pursuing the unreasonable

force and failure to protect theories as part of his § 1983 claim.

### B.     42 U.S.C. § 1983 – *Monell*

The City Defendants also move to dismiss Matthew's claim against the City under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). FAC ¶¶ 38-49. In response to the motion, Matthews states that he does not wish to preserve the claim against the City. Opp'n at 2. Accordingly, the *Monell* claim against the City is dismissed without leave to amend.

### C.     Remaining State Law Claims

The City Defendants also move to dismiss all of Matthews' state law claims. Matthews does not address any of the City Defendants' arguments for dismissal. Accordingly, the state law claims are dismissed without leave to amend.

## IV.     CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED as to all claims, except for the § 1983 claim. Defendants City of Scotts Valley, Wayne Belville, Michael Birley, Michael Neronde and Paul Lopez shall file an answer no later than February 11, 2022.

**IT IS SO ORDERED.**

Dated:  January 14, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-01619-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
9